## HUGHES v. OLIVER.

An action on the case for deceit is not barred by a certificate of discharge as a bankrupt: though the measure of damages were ascertainable by reference to a contract.

Hence, where defendant, being indebted on a note, undertook to confess judgment thereon, and falsely represented that he had done so, and that it was a lien on land; and the plaintiff, relying on the representations, was thereby induced not to proceed for its recovery: the action for such deceit is not barred by the certificate.

IN error from the Common Pleas of Dauphin County.

Case. The first count averred in substance, that .defendant borrowed of plaintiff $700, and gave her his note, payable in one year, with interest. That, in the same month, plaintiff delivered defendant the note, to be recorded as a judgment; that defendant returned the note, representing that he had entered judgment thereon, which was a lien on certain real estate; that plaintiff was wholly unlearned, and reposed implicit confidence in defendant's representations and the security of the debt, and, relying on the same, permitted defendant to retain the money for five years, without demanding payment or further security, when defendant became insolvent. That defendant did not enter the judgment: that the note was not a lien, but the representations were fraudu-

lently made, to deceive plaintiff, and thereby induce her to allow defendant to retain the money; whereby, &c.

Plea, not guilty, and certificate of discharge in bankruptcy.

The instrument in question was dated in 1837, and contained a promise to pay, with an authority to enter judgment.

The discharge as a bankrupt was in 1843.

The jury found for the plaintiff on the first count, subject to the opinion of the court on the effect of the certificate.

ELDRED, P. J., on motion in arrest of judgment, entered it for defendant.

*McCormick*, for plaintiff in error.—The action is not founded on the contract, but is for damages arising out of the false representation; a clear case of tort, and not contract converted into tort. As such, it is not within the words of the act, which are confined to debts *ex contractu;* nor have such causes of action ever been held to be discharged: 6 T. Rep. 695; Ed. on Bankruptcy, 34 Law Lib. 111.

*Parke* and *Fisher*, contrà.—The real cause of action was for a breach of the contract to enter the judgment; and the form, whether tort or contract, should not be permitted to repeal the act which was intended to discharge all liabilities: Hatten *v.* Speyer, 1 Johns. 37.

*June* 30. ROGERS, J.—The rule, in cases of bankruptcy, in Dusar *v.* Murgatroyd, 1 W. C. C. Rep. 13, is said to be, that if the *original* ground of action is founded in contract, but the immediate cause arises *ex delicto*, and the claim is for damages unliquidated by express agreement or such as will not be implied, the certificate is not a bar, as such a claim could not have been set up under the commission. In Parker *v.* Norton, 6 T. Rep. 695, it is ruled that bankruptcy is no bar to any action of trover, though the conversion happened before the bankruptcy. When a person has his election either to bring trover or an action for money had and received, he may maintain the former, notwithstanding the bankruptcy of the debtor after cause of action accrued.

In Parker *v.* Norton, reference is made to the case of Goodtitle *v.* North, Doug. 583, which was an action of trespass for mesne profits, in which it was held that bankruptcy was no plea in bar. Lord Mansfield deemed the form of the action as decisive. The reasons of Lord Mansfield are denied to be valid in Hatten *v.*

Speyer, 1 Johns. Rep. 41, and with great appearance of reason. But although that is given as one reason, it is not the principle on which the case is decided; for Justice Grose says: "The question is not whether or not the plaintiff might have proved his debt under the defendant's commission, but whether he was *bound to do so*, and if he were not, the certificate is no bar to the action. It is true," he adds, "what Lord Mansfield said, in the case of Goodtitle *v.* North, is decisive of the present case. But even without this authority, he would not consent that the whole system of the bankrupt laws should be converted into a system of fraud by the bankrupt himself. This is not a debt arising out of the contract of the parties, but if it be a debt at all, it arises out of the misconduct of the defendant." And Lawrence, J., says it is not the object of the bankrupt laws to protect the bankrupt from the consequences of gross fraud.

Now, although I am disposed to agree with Justice Livingston, who delivered the opinion of the court in Hatten *v.* Speyer, that the form of the action alone is not decisive of the case, yet I cannot agree that Parker *v.* Norton is not well decided, and entitled to respect as an authority on this point. I cannot believe that where a party has been guilty of a wrong or a fraud, that it was the design of the statute to protect him from the consequences of it, merely because he may, if he thinks proper, waive the tort, and resort to an action as for money had and received. If a man takes the horse of another, and afterwards sells him, the owner may waive the tort, and recover the price in an action for money had and received; but is he bound to do so when possibly it may happen that it has been sold for half its value? Would the owner be compelled to prove it a debt under the commission of bankruptcy? It seems to me clear that he would not. He may, it is true, but he is not compelled to do so.

That the certificate is no bar except for those debts or engagements which the debtor may prove before the commission, is an elementary principle. The law in relation to this subject is well summed up in Eden on Bankruptcy, 110. Where the right to damages at all, and also the amount of them, depend upon circumstances of which a jury alone can judge, and which therefore it requires the intervention of a jury to ascertain, such damages are not susceptible of proof under a commission. But in cases where, although the usual form of· action which a creditor would have for his demand, may be one in which he would recover it in the shape of damages to be given by a jury; or though, perhaps, in some

instances he could have no other kind of action; yet, if his demand is of such a nature as admits of being liquidated and ascertained at the time of the bankruptcy, so that he can swear to the amount, he will be entitled to prove.

Thus, a demand for goods sold, or for work and labour, without any agreement as to the price which the party should recover at law, as damages in an assumpsit, or a *quantum meruit*, may be proved, because the value can be easily ascertained, and the creditor can swear to the amount. So when the demand is of a mixed nature, and the creditor may claim either as founded on contract or as for a tort, he may make his election, and will be entitled to prove or not, accordingly. Thus, in case of selling goods, under an execution which is afterwards set aside : Utterson *v.* Vernon, 3 T. Rep. 548; of not delivering goods according to agreement, which had been paid for : Doug. 546, 548; of discounting a bill at a loss, before it was due; and of embezzling the money by one to whom it had been delivered only for· the purpose of receiving the money when due, and remitting it when received: Parker *v.* Norton, 6 T. Rep. 695; or of pledging a debenture for a debt of his own, by one with whom it had been deposited by another person, only as collateral security. If the party goes for the tortious taking, damages arising in such cases respectively, as for the keeping him out of his goods, and selling them under the said execution, from the fall of the market, in the case of the goods not delivered according to agreement; from the breach of trust, and the loss in discounting the bills; or for keeping him out of the debenture, he cannot prove, because the damages are uncertain·and contingent. But, in such cases, he may make his election. And if, waiving the tort, he demands only the money for which the goods were sold under the execution; the money paid for the goods agreed to be delivered; the sum actually received for discounting the bill; or which was paid in order to redeem the debenture, he will be permitted to prove; for then the demand may be ascertained, and he may swear to the amount. And so it would seem, in the case of money remaining in hand and embezzled, by an officer, in the sale of goods under a distress: Ex parte Dobson, 7 Vin. 74. So in equity, if a plaintiff might have proceeded at law, for that which he demands by his bill, either by an action for the assumpsit or an action for the tort, the bill may be demurred to, if it be in the nature of an action for the tort; but if it be in the nature of an action of assumpsit, the defendant may

plead his bankruptcy and certificate: De Faste *v.* Welden, Buck. 153; 3 Mod. 51.

Neither torts nor frauds are within the bankrupt act, nor should·they be, because the act is intended for the benefit of the honest, and not the dishonest debtor. I can very readily perceive the reason that a creditor whose demand is of such a nature as admits of being liquidated and ascertained at the time of the bankruptcy, so that he can swear to the amount, shall be entitled to prove, and thereby entitle himself to a share of the assets; but I cannot comprehend the reason and justice of compelling him to do so in favour of either a tort-feasor, or a person guilty of a fraud.

These are the principles on which the current of cases are grounded, unshaken, except by a solitary case, decided, as I think, on a mistaken principle of humanity, at war with the whole policy of the bankrupt law. It cannot, I agree, depend on the mere form of the action. It must have substance in it, as in a case of tort or fraud. If the original ground of action is founded in contract, but the immediate cause arises *ex delicto*, and the claim is for damages unliquidated by express agreement, or such as will not be implied, the certificate is not a bar, as such a claim could not be set up under the commission.

Now let us apply these rules to the case in hand. The defendant, Hughes, borrowed of the plaintiff, who was an ignorant and unlettered woman, $700, for which he gave his single bill, payable two years after date, with warrant of attorney to confess judgment. This note was afterwards delivered by the defendant to the plaintiff for the purpose of being entered, which he promised to do. He afterwards returned the note to the plaintiff, and represented to her that he had confessed the judgment, and had the same recorded, and that it was a lien on a brick house in the borough of Harrisburg.· The plaintiff being ignorant and unlearned, and placing confidence in his representations, allowed the defendant to keep the money without requiring payment or further security, for the space of five years, when the defendant became insolvent, whereby she lost her debt. For this fraud the plaintiff brought an action on the case, in the nature of a writ of deceit, and the jury found in favour of the plaintiff, thereby affirming the allegations in the declaration, referring it to the court, to determine on these facts, whether the certificate of bankruptcy was a bar to the action. It cannot be denied that this is a tort which is not proveable under the commission; the act extending only to debts, demands, or engagements which are liquidated, or may be so, without the inter-

vention of the jury. The damages are uncertain, and depend on circumstances of which only a jury can judge: as, for example, the value of the real property, on which the judgment would, if entered, have been a lien, and other matters independent of the amount of the debt. Undoubtedly the debt would not have been the only criterion by which they might have estimated the damages. The parties would have a right to apply to a jury to ascertain what is due for damages for the deceit. And on suit, or appeal, the jury will have an opportunity of inquiring into all the circumstances of the case: they may see reason not to give damages to the full extent of the debt. But it is contended that this suit originated in contract; that the debt was liquidated and ascertained, and may have been proved under the commission. I grant she might have waived the tort, had she chosen to have done so, but that a person is compelled to waive a tort or a fraud I utterly deny. In this I am supported by the cases cited.

This is an action of deceit, a cause of action distinct and independent of the debt; the debt is merely inducement to it. Indeed, the action for the deceit accrued after the debt was created. It is a stronger case than Dusar v. Murgatroyd, 1 W. C. C. Rep. 13, on this account. Nor is it under the circumstances altogether clear to my mind, that if she had proved the debt, she would have been debarred from this suit, or that the certificate would be a bar. As, for example, if she had proved her debt and had received fifty cents on the dollar, she would have had a right to sustain this action and recover the difference, because the action of deceit is distinct and independent of the debt. But be this as it may, she refused to prove her debt, and, consequently, there is no room for the argument that she waived the tort. Under these circumstances, we are of the opinion that the certificate is no bar, and that the plaintiff is entitled to judgment.

Judgment reversed, and judgment for plaintiff.